# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID THURMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:23-cv-1737-DWD** |
| | ) | |
| **DEANNA M. BROOKHART, Warden,** | ) | |
| **Lawrence Correctional Center,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Respondent's Motion to Dismiss the Habeas Petition ("Motion") (Doc. 13), to which Petitioner has filed a Response (Doc. 14). As explained below, the Motion is **GRANTED** and the Petition is **DISMISSED without prejudice**.

Petitioner, an inmate at Lawrence Correctional Center in Sumner, Illinois, filed a Petition for a Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2254. In early 1992, Petitioner was convicted in the Circuit Court of Cook County, Illinois, of murdering Larry Brooks and Ishmail Clark. (Doc. 1, pg. 1). He was sentenced to natural life imprisonment. (Doc. 1, pg. 1). Petitioner filed a direct appeal to the Illinois Appellate Court, First District, arguing he was not proven guilty of first-degree murder. (Doc. 1, pg. 2). The First District affirmed the judgment of conviction. (Doc. 1, pg. 2). Petitioner does not recall if he appealed to the Supreme Court of Illinois. (Doc. 1, pg. 3).

However, Petitioner indicates he filed four postconviction petitions in the Circuit Court of Cook County. (Doc. 1, pgs. 3-6). The first postconviction petition, which was

dismissed at the first stage of the proceedings, argued Petitioner was not proven guilty of first-degree murder. (Doc. 1, pg. 4). The second postconviction petition, which was also dismissed at the first stage of the proceedings, argued the State of Illinois failed to tender an exculpatory medical examiner's report, Petitioner received ineffective assistance of counsel for failing to tell him about the medical examiner's report or using it at trial, Petitioner's due process rights were violated due to a police officer's perjury at trial, and Petitioner was innocent of the murder charge related to Ishmail Clark. (Doc. 1, pg. 4). The third postconviction petition, which was also dismissed at the first stage of the proceedings, invoked *Miller v. Alabama*, 567 U.S. 460 (2012). (Doc. 1, pg. 5).

Finally, the fourth postconviction petition, which was filed on August 20, 2020, and allegedly remains pending in the Circuit Court of Cook County, also purportedly invoked *Miller*. (Doc. 1, pg. 6). Petitioner states he submitted "new affidavits" but the Court refuses to hear that petition. (Doc. 1, pg. 6). Petitioner also states he has sent various communications to the Circuit Court of Cook County, requesting that his fourth postconviction petition be "put back on [the] call" or ruled on, but he has received no responses. (Doc. 1, pg. 6). Petitioner argues he is suffering from "inordinate delay" related to his fourth postconviction petition in the Circuit Court of Cook County. (Doc. 1, pg. 6).

On August 1, 2023, the Court found, in light of the limited record at that time, it did not "plainly appear[] from the petition" that Petitioner was entitled to no habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; (Doc. 6). The Court noted, "no 'constitutional provision or federal law entitles [a defendant] to any state collateral review, [citation], let alone prompt collateral review.' "

2

*See Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997) (quoting *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996)); *accord Jones v. Butler*, 778 F.3d 575, 586 (7th Cir. 2015); (Doc. 6). However, the Court further noted "[i]nordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *See Jackson*, 112 F.3d at 880 (citing *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992); *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981); *Dozie v. Cady*, 430 F.2d 637, 638 (1970)); *see also Carter v. Buesgen*, 10 F.4th 715, 723 (7th Cir. 2021) (finding excusal from compliance with exhaustion requirement allowed the plaintiff "to bring the claims alleged in his state motion for postconviction relief directly to federal court"). Federal habeas corpus may provide relief from errors in state collateral review if the process violates another constitutional right. *See U.S. ex rel. Willhite v. Walls*, 241 F. Supp. 2d 882, 890 (N.D. Ill. 2003) (citing *Jackson*, 112 F.3d at 879).

Now, in the instant Motion, Respondent argues the Court lacks subject matter jurisdiction or, alternatively, that Petitioner's claim is not cognizable. (Doc. 13, pg. 1). First, Respondent notes Petitioner filed a federal habeas petition, challenging his underlying murder convictions in the State of Illinois, in the Northern District of Illinois in 1998. (Docs. 13, pg. 1; 13-2). That federal habeas petition was denied. (Docs. 13, pg. 1; 13-2). Therefore, to the extent Petitioner is challenging his underlying murder convictions in the State of Illinois, Respondent argues the Petition is "an unauthorized successive petition over which the Court lacks jurisdiction," as Petitioner did not receive the Seventh Circuit's authorization to file the Petition under 28 U.S.C. § 2244(b)(3). (Doc. 13, pg. 2).

Second, to the extent Petitioner seeks an order directing the courts in the State of Illinois to expedite their review of his pleadings, Respondent argues that relief is not cognizable on federal habeas review. (Doc. 13, pg. 2). More specifically, since the Court is limited to deciding whether Petitioner's conviction violated the Constitution, laws, or treaties of the United States, and the Constitution does not even guarantee any postconviction process, claims of delay in state postconviction proceedings are not cognizable. (Doc. 13, pg. 3). Respondent states the Petition does not allege any constitutional violation that renders his state custody unconstitutional, but instead requests that this Court direct the state court to rule on his pleadings. (Doc. 13, pgs. 1-3). And, even though "[c]laims of inordinate delay in state court proceedings are relevant to questions of claims exhaustion" in federal court, Respondent argues Petitioner does not cite delay as an excuse for any failure to exhaust his claims. (Doc. 13, pg. 3. n. 1).

Section 2244(b)(3) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the U.S. District Courts (stating, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by" § 2244(b)(3)). "No matter how powerful a petitioner's showing" may be, "only…[the Seventh Circuit] may authorize…a second or successive petition" under § 2254. *See Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996); *accord Adams v. U.S.*, 911 F.3d 397, 403 (7th Cir. 2018). The "prior-approval device

is self-executing" and, "[f]rom the district courts perspective, it is an allocation of subject-matter jurisdiction to the court of appeals." *See Nunez*, 96 F.3d at 991; *accord Adams*, 911 F.3d at 403; *U.S. ex rel. Freeman v. Harrington*, 26 F. Supp. 3d 777, 781-82 (N.D. Ill. 2014). Thus, "[a] district court *must* dismiss a second or successive petition…unless the court of appeals has given approval for its filing." *See Nunez*, 96 F.3d at 991 (Emphasis in original.); *accord Adams*, 911 F.3d at 403; *Harrington*, 26 F. Supp. 3d at 782; *see also Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("[T]he prisoner is entitled to one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding.").

Here, it is undisputed that Petitioner filed an initial habeas petition under § 2254 in the Northern District of Illinois in 1998, the petition was denied, and Petitioner has not moved for an order from the Seventh Circuit to authorize the instant Petition. *See Thurman v. Page*, No. 98-cv-92, Docs. 1, 17 (N.D. Ill.). This is not a case where the initial petition was "dismissed for technical or procedural deficiencies," such that it failed to "trigger AEDPA's successive-petition bar." *See Harrington*, 26 F. Supp. 3d at 782 (citing *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003)). Rather, Petitioner's initial petition in the Northern District of Illinois was denied on the merits, meaning this Court must consider the instant petition second or successive. *See id.* (quoting *Garrett v. U.S.*, 178 F.3d 940, 942 (7th Cir. 1999)); *see also Thurman*, No. 98-cv-92, Doc. 17 (N.D. Ill. Aug. 15, 2000).

Also, the Court agrees with Respondent that it lacks the authority to simply "order the Circuit Court [of Cook County] to rule on…[the] petition for leave to file, then review…[Petitioner's] post conviction petition, preferably [before] another judge," as Petitioner requests. *See Montgomery*, 90 F.3d at 1206 ("[D]elay in receiving a ruling on a

discretionary state collateral appeal is not a ground for federal habeas corpus relief."); (Doc. 1, pg. 14). As alluded to above, this is not a case where Petitioner is claiming the state court's inordinate delay is preventing his exhaustion of state court remedies before proceeding as an initial matter in this Court under § 2254. Again, to the extent this Court could consider any issues contained in Plaintiff's state court pleadings, the Seventh Circuit would have to authorize that review.

For these reasons, Respondent's Motion is **GRANTED**. Petitioner's Petition is **DISMISSED without prejudice** for lack of subject-matter jurisdiction because it is an unauthorized second or successive petition. Petitioner may refile the Petition if and when he obtains an order from the Seventh Circuit authorizing its consideration by this Court. Finally, the Court **DECLINES** to issue a certificate of appealability, as no reasonable jurist could find that the Petition is not a second or successive petition and does not require prior authorization from the Seventh Circuit. *See Harrington*, 26 F. Supp. 3d at 784. The Clerk of the Court is **DIRECTED** to enter judgment accordingly and to close the case.

**SO ORDERED.**

Dated: January 29, 2024

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge